1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ANTHONY A. SHARP,
CDC# K-41609,

                              Plaintiff,

vs.

JOHN DUFFY,

                              Defendant.

Civil No.    07-0161 LAB (LSP)

**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY CIVIL FILING FEES MANDATED BY 28 U.S.C. § 1914(a)**

**[Doc. No. 2]**

        Plaintiff, a state inmate currently incarcerated at the California Medical Facility in Vacaville, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Although difficult to decipher, Plaintiff's Complaint alleges that, while he was incarcerated in the San Diego Central Jail in 1996, he was subjected to conditions of confinement that were unhygienic.  Plaintiff seeks three million in compensatory damages, $180.00 per each day that he was confined in the jail in punitive damages, and "immediate release" from prison.  (Compl. at 11.)
////

1    Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a) to

2    commence a civil action; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP")

3    pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

4    **I._____Motion to Proceed IFP**

5    Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil

6    litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2).

7    However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the

8    privilege to proceed IFP:

9         . . . if the prisoner has, on 3 or more prior occasions, while
          incarcerated or detained in any facility, brought an action or appeal
10        in a court of the United States that was dismissed on the grounds
          that it is frivolous, malicious, or fails to state a claim upon which
11        relief can be granted, unless the prisoner is under imminent danger
          of serious physical injury.
12

13   28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision."

14   *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner

15   with three strikes or more cannot proceed IFP." *Id.* The objective of the PLRA is to further "the

16   congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*,

17   128 F.3d 1310, 1312 (9th Cir. 1997).

18   "'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which

19   were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim."

20   *Andrews*, 398 F.3d at 1116 n.1. Thus, once a prisoner has accumulated three strikes, he is

21   prohibited by section 1915(g) from pursuing any other action IFP in federal court unless he is

22   in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).[1]

23   While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his

24   request to proceed IFP, *Andrews*, 398 F.3d at 1119, "[i]n some instances, the district court

25

26   _____

27   [1] The Ninth Circuit has held that section 1915(g) does not violate a prisoner's right to access to
     the courts, due process or equal protection; nor does it violate separation of powers principles or operate
     as an ex post facto law. *Rodriguez v. Cook*, 169 F.3d 1176, 1179-82 (9th Cir. 1999); *see also Andrews*,
28   398 F.3d at 1123 (noting constitutionality of § 1915(g), but recognizing that "serious constitutional
     concerns would arise if § 1915(g) were applied to preclude those prisoners who had filed actions that
     were not 'frivolous, malicious, or fail[ing] to state a claim' from proceeding IFP.").

docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.  When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." *Id.* at 1121.  The Seventh Circuit likewise requires the district court to cite the specific case names, numbers, districts and dates of dismissal for each civil action it has determined to be a "strike" or "prior occasion." *Id.* at 1120 (citing *Evans v. Illinois Dep't of Corrections*, 150 F.3d 810, 811-12 (7th Cir. 1998)).

The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" *Id.* at 1121 (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).  *Andrews* further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis in either law or in fact .... [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews*, 398 F.3d at 1121 (quotation and citation omitted).

## II.    Application of 28 U.S.C. § 1915(g)

The Court notes as an initial matter that Plaintiff has alleged no facts to show that he is in imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g); *Rodriguez*, 169 F.3d at 1178; *see also Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (finding that "allegations that the prisoner faced imminent danger in the past" are insufficient to trigger section 1915(g)'s imminent and serious physical injury exception).  Thus, regardless of Plaintiff's financial status, he may not proceed IFP pursuant to 28 U.S.C. § 1915 if he has, on three prior occasions while incarcerated, had federal civil actions or appeals dismissed as frivolous or malicious or for

1    failing to state a claim. *See* 28 U.S.C. § 1915(g); *Andrews*, 398 F.3d at 1119-20; *Rodriguez*, 169

2    F.3d at 1178.

3        A court "may take notice of proceedings in other courts, both within and without the

4    federal judicial system, if those proceedings have a direct relation to matters at issue." *United*

5    *States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.

6    1992). Here, the Court takes judicial notice that Plaintiff has had three prior prisoner civil

7    actions dismissed in the Eastern District of California on the grounds that they were frivolous,

8    malicious, or failed to state a claim upon which relief may be granted pursuant to 28 U.S.C.

9    § 1915(e)(2) and § 1915A. *See Sharp v. Corcoran Medical Staff, et al.*, E.D. Cal. Civil Case No.

10    99-5550 OWW (DLB) (Mar. 24, 2000 Order Dismissing Complaint sua sponte for failing to

11    state a claim upon which relief can be granted per 28 U.S.C. § 1915(e)(2)(B)(ii)) (strike one);

12    *Sharp v. Mason, et al.* E.D. Cal. Civil Case No. 03-1354 EJG (DAD) (Sep. 5, 2003 Order

13    Dismissing Complaint sua sponte for failing to state a claim upon which relief can be granted)

14    (strike two); and *Sharp v. Arcamone*, E.D. Cal. Civil Case No. 04-0595 FDL (GGH) (Mar. 21,

15    2005 Order Granting Defendant's Motion to Dismiss Plaintiff's Complaint for failing to state

16    a claim upon which relief can be granted) (strike three).

17        Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes"

18    pursuant to § 1915(g), and does not presently allege facts sufficient to show that he is under

19    imminent danger of serious physical injury, the Court **DENIES** Plaintiff's Motion to Proceed

20    IFP [Doc. No. 2]. *See Andrews*, 398 F.3d at 1121; *Rodriguez*, 167 F.3d at 1178.

21    **III.    Conclusion and Order**

22        For the reasons set forth above, the Court hereby **DENIES** Plaintiff's Motion to Proceed

23    IFP pursuant to 28 U.S.C. § 1915(g) [Doc. No. 2] and **DISMISSES** the case without prejudice

24    for failure to pay the full $350 civil filing fee required by 28 U.S.C. § 1914(a).

25        The Clerk shall close the file.

26        **IT IS SO ORDERED.**

27    DATED: March 5, 2007

28                                    **HONORABLE LARRY ALAN BURNS**
                                      United States District Judge